# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMIAH RICE,

    Plaintiff,

vs.                                               Case No. 18–cv–1019–DRH

POE,
OSBORNE,
WINANS,
MCCARTY,
ROSENBERGER,
STEPHANIE WAGGONER,
MICHAEL REDMAN, and
CHRISTOPHER WEABER

    Defendants.

## **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

    Plaintiff Jeremiah Rice, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Vandalia Correctional Center. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

    However, review of Plaintiff's Complaint reveals that he has attempted to improperly join certain claims. Thus, prior to proceeding with review of this case pursuant to § 1915A, the Court will sever certain claims into a separate case

pursuant to Fed. R. Civ. P. 21 and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

### The Complaint

On April 1, 2017, Plaintiff had low blood sugar, which made him incoherent, lethargic, and unresponsive. (Doc. 1, p. 7). While transporting Plaintiff to the Health Care Unit ("HCU"), defendant Poe pushed Plaintiff from behind, and tightly handcuffed him, cutting off his circulation and causing numbness and pain. *Id*. Poe then took Plaintiff to the yard office, where he threw him down, placed his knee on Plaintiff's back, choked him, and yelled expletives. (Doc. 1, p. 8). Defendant Winans was present and failed to intervene. *Id*. Winans also told Plaintiff he would drug and bury Plaintiff in segregation if he reported the assault. *Id*.

Plaintiff's family called the Vandalia Police Department and reported the April 1st assault. (Doc. 1, p. 12). The police department inquired at the prison, and immediately after, Plaintiff was taken to segregation, where he stayed from April 1, 2017 through June 28, 2017. *Id*. Defendant Osborne issued Plaintiff a disciplinary report because of the report made to the police department. (Doc. 1, pp. 12-13). This disciplinary report cited Plaintiff for interfering or impeding with an investigation and giving false information to an employee. (Doc. 1, p. 13). Plaintiff was denied the opportunity to be heard or present evidence at his May 5, 2017 adjustment committee hearing. *Id*. Defendant Redman found him guilty without calling any of Plaintiff's witnesses. *Id*. Plaintiff was sentenced to 90 days

2

in segregation, 90 days of C-grade, and the revocation of 90 days good time credit, and a disciplinary transfer. *Id*. Plaintiff appealed, but the Warden denied his appeal. (Doc. 1, p. 14). Plaintiff alleges that defendant Waggoner refused to provide protection to Plaintiff after he filed a complaint against prison staff in retaliation for his First Amendment conduct. (Doc. 1, p. 16). As a result, Plaintiff was retaliated against. *Id*.

On April 21, 2017, Plaintiff requested a jacket from Sgt. Rosenberger while he was being transported. (Doc. 1, p. 9). Plaintiff expressed concern because it was cold. *Id.* In response, Rosenberger slammed Plaintiff down into the floor of the medical van, causing upper back and neck pain. *Id*. Defendant McCarty drove the van at high speeds while Plaintiff was face-down on the floor, causing further pain. *Id*.

On May 10, 2017, Plaintiff was returning from the HCU, when he encountered Lt. Osborne. (Doc. 1, p. 14). Plaintiff stated "good job with the investigation." *Id*. Osborne then wrote Plaintiff a false disciplinary report for intimidation, threats, and disobeying a direct order. *Id*. Plaintiff was found guilty by the adjustment committee on May 11, 2017. (Doc. 1, pp. 14-15). He was sentenced to revocation of 30 days of good time credit. (Doc. 1, p. 15). Plaintiff alleges that the guilty verdict was based on the officer's report without any testimonial evidence by any of the officers that allegedly witnessed the incident. *Id*.

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 7 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims will proceed together in this litigation:

> **Count 1 –** Poe and Winans used excessive force and/or failed to intervene in the use of excessive force on Plaintiff on April 1, 2017 in violation of the Eighth Amendment;
>
> **Count 2** – Poe and Winans were deliberately indifferent to Plaintiff's injuries sustained during the excessive force incident and failed to secure him medical treatment on April 1, 2017 in violation of the Eighth Amendment;
>
> **Count 3** – Osborne, Redman, and Waggoner retaliated against Plaintiff for reporting the alleged April 1st assault by writing a false disciplinary ticket and finding him guilty in violation of the First Amendment;
>
> **Count 4** – Redman, Weaber, and Waggoner denied Plaintiff his due process rights during the hearings on his disciplinary tickets in violation of the Fourteenth Amendment;
>
> **Count 5** – Osborne further retaliated against Plaintiff for saying "good job with the investigation" by writing Plaintiff another disciplinary report in violation of the First Amendment.

Plaintiff has attempted to state other claims, but the Court finds that these claims are not properly joined in this action, and they will be severed into a new case:

> **Count 6** – Rosenberger and McCarty used excessive force and/or failed to intervene in the use of excessive force on Plaintiff on April 21, 2017 in violation of the Eighth Amendment;

4

> **Count 7** – Rosenberger and McCarty were deliberately indifferent to Plaintiff's injuries sustained during the excessive force incident and failed to secure him medical treatment on April 21, 2017 in violation of the Eighth Amendment.

In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever misjoined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). A prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of law of fact common to all defendants will arise in the action." That means that a plaintiff cannot join separate claims against different defendants or sets of defendants in the same lawsuit, unless the plaintiff asserts a

claim for relief against each defendant that arises out of the same transaction or occurrence or series thereof, and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607.

Unrelated claims may be joined pursuant to Federal Rule of Civil Procedure 18 where Rule 20 has already been satisfied. *Intercon Research Associates, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Therefore, the analysis the Court must perform in determining whether claims are properly joined is twofold: (1) first, a court must determine whether defendants are properly joined pursuant to Rule 20, (2) second, a court may then consider any unrelated claims against one or more of the group of defendants properly joined in the first step.

Plaintiff's first 5 claims articulate a single chain of events. Plaintiff alleges that he was attacked, and that when he reported the attack, Defendants responded by fabricating disciplinary tickets and depriving him of his due process rights. Because the action at issue constitutes a course of conduct, the Court finds that Counts 1-5 are transactionally related and can proceed together in a single lawsuit.

But Plaintiff has not alleged that the April 21st event in Counts 6 and 7 was part of the chain of retaliation (it is not described in the "retaliation" section of the Complaint). In fact, Plaintiff's allegations imply that he was subjected to excessive force because he asked for a jacket, and not because of any other reason. There are no grounds to consider this event part of the same transaction or occurrence as Counts 1-5. Having determined that the incident is not transactionally related,

6

the next step is to consider whether there are any other grounds for joiner. As Counts 6 and 7 have unique defendants, not present in any other claim, there are no grounds for joinder pursuant to Rule 18. According, Counts 6 and 7 must be severed into a new action.

Counts 1-5 shall remain in this action. A separate order will be issued in this case to review the merits of those claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any defendant at this time, pending the § 1915A review.

## Disposition

**IT IS HEREBY ORDERED** that Counts 6 and 7, which are unrelated to Counts 1-5, are severed into a separate case. Counts 1-5 against defendants Poe, Osborne, Winans, Waggoner, Redman, and Weaber shall stay in this case. The severed case shall contain Counts 6 and 7 against defendants Rosenberger and McCarty. The Clerk of Court is **DIRECTED to terminate** Rosenberger and McCarty from this action.

The claims in the severed case shall be subject to merits review pursuant to 28 U.S.C. §1915A after a new case number and judge assignment is made. In the new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The Complaint (Doc. 1);
3) Motion for Service of Process at Government Expense (Doc. 4);

Plaintiff **will be responsible for an additional $400.00 filing fee** in the newly severed case. Plaintiff may move to proceed IFP in the new case, if he so desires.

No service shall be ordered on the defendants in the severed case until the § 1915A review is completed.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.12
16:24:21 -05'00'

United States District Judge