**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEREMIAH RICE, # Y-19970,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-1388-NJR** |
| | ) | |
| **SERGEANT ROSENBERGER,** | ) | |
| **and C/O MCCARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On July 13, 2018, this action was severed from Plaintiff's original case, *Rice v. Poe, et al.*, Case No. 18-cv-1019-DRH-DGW, which was filed on April 25, 2018. The claims severed into this case (Counts 6 and 7) assert that Defendants subjected Plaintiff to excessive force and were then deliberately indifferent to the injuries he sustained. (Doc. 1).

When these claims were severed and this new case was opened, the Clerk of Court sent Plaintiff a letter (Doc. 4) advising him of the severance, the new case number, and the filing fee requirements for a civil action. He was warned that if he did not submit either the $400.00 filing fee or a motion for leave to proceed *in forma pauperis* (IFP) within 30 days, his case would be subject to dismissal. He was provided with a blank form motion for IFP.

After 30 days passed with no response from Plaintiff, the Court entered a Notice of Impending Dismissal on August 21, 2018, giving Plaintiff another 21 days (until September 11, 2018) to either pay the filing fee or file a motion for leave to proceed IFP in this action. (Doc. 5). This Notice warned Plaintiff again that if he failed to respond, this action would be dismissed and the Court would order payment of the filing fee from his inmate trust account.

Plaintiff's latest deadline of September 11, 2018, has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp*., 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **TERMINATED AS MOOT**.

This dismissal shall *not* count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Because Plaintiff failed to either pay the fee or seek pauper status, the Court has not reviewed the merits of the Complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was severed from the original action as improperly joined. Accordingly, the $400.00[1] filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and is assessed only $350.00.

the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Danville Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  September 18, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**