IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH RICE, # Y-19970, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1388-NJR |
| | ) |
| SERGEANT ROSENBERGER, | ) |
| and C/O McCARTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Consolidate Case and/or as a[n] Alternative to Dismiss the Matter (Doc. 9), and his Motion to Amend (Rule 59e) Complaint (Doc. 11). The Court dismissed this case on September 18, 2018, for failure to prosecute (Doc. 6), and later construed the Motion filed at Doc. 9 as a motion under Rule 59(e) to alter or amend the judgment. (Doc. 10). Plaintiff filed the Motion at Doc. 11 after the Court granted him leave to submit an amended motion. (Doc. 10). He also filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 12) as directed, but failed to include his inmate trust fund account statement for the six months preceding the severance of this case on July 13, 2018.

In the Rule 59(e) motions (Docs. 9 and 11), Plaintiff argues that the Court improperly severed Counts 6 and 7 into this case. He claims that the actions of Defendants Rosenberger and McCarty were taken in retaliation against him for his family's complaint lodged with the Vandalia Police Department and were part of the same transaction as the conduct in Counts 1-5, which remain in the original case (*Rice v. Poe, et al.*, Case No. 18-cv-1019-DRH-DGW). (Doc. 9, p. 2-3; Doc. 11, p. 1). The motion at Doc. 11 includes an "Amended Statement of Claim," in which Plaintiff sets forth an entirely new allegation regarding an April 28, 2018, incident of excessive force at the hands of

1

Rosenberger. (Doc. 11, p. 3). Plaintiff requests the Court to re-consolidate Counts 6 and 7 with the original case, or in the alternative, to dismiss the instant case. (Doc. 9, p. 3; Doc. 11, p. 2).

## Discussion

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A motion under Rule 59(e) cannot be used to present evidence that could have been presented before the challenged order or judgment was entered. *Id.* at 512; s*ee also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Plaintiff's motion (Doc. 11) improperly attempts to add new allegations to the original Complaint in a piecemeal fashion. Rule 59(e) is not the proper vehicle to amend a pleading,[1] nor can Rule 59(e) be used to present material that Plaintiff could have included in his original Complaint. *See Moro*, 91 F.3d at 876. Plaintiff appears to have misunderstood the Court's Order (Doc. 10), which granted him leave to file an amended *motion* to alter or amend the judgment in this case. The Court's Order said nothing about filing an amended *complaint*, and it did not authorize Plaintiff to do so, piecemeal or otherwise. (Doc. 10). Even if the Court were to accept Plaintiff's proffered "amendment," the additional facts do not have anything to do with the alleged incident of excessive force on April 21, 2017, on which Counts 6 and 7 are based. (Doc. 1, pp. 3-5).

When considering a Rule 59(e) motion, the Court must look to the original Complaint and determine whether the Court made an error of law or fact in evaluating the Plaintiff's claims. Having done so, the Court finds no error in the decision to sever Counts 6 and 7 into a separate action from Counts 1-5. Plaintiff's Complaint (Doc. 2) never alleged that Rosenberger's or McCarty's actions

---

[1] A proposed amended complaint must include all the relevant facts and allegations in support of the Plaintiff's claims and must stand on its own. An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Piecemeal amendments are not accepted.

2

were acts of retaliation, or that their conduct was connected to the incidents involving the other Defendants. The Complaint set forth the claims against Rosenberger and McCarty in sections labeled, "Misuse of Force," "Failure to Protect," and "Deliberate Indifference to Medical Needs." (Doc. 2, pp. 9-11). Plaintiff wrote a separate section entitled "Retaliation," and did not include any mention of Rosenberger or McCarty under that heading, nor did he claim any retaliation on the part of these two Defendants elsewhere in the pleading. (Doc. 2, pp. 11-15). As the Court observed in the threshold merits review order, Plaintiff's factual allegations fail to suggest that Rosenberger or McCarty were motivated by a desire to retaliate against him. (Doc. 1, pp. 6-7). The Complaint does not provide any grounds to conclude that the incident of alleged excessive force and deliberate indifference at the hands of Rosenberger and McCarty was part of the same transaction or occurrence as the incidents in Counts 1-5.

Plaintiff's motions do not demonstrate any mistake of law or fact or present any newly discovered evidence that would justify the relief he seeks under Rule 59(e). Upon review of the record, the Court remains persuaded that Counts 6 and 7 were correctly severed from Counts 1-5 as improperly joined. Therefore, the Motion for Leave to Consolidate Case and/or as a[n] Alternative to Dismiss the Matter (Doc. 9) and the Motion to Amend (Rule 59e) Complaint (Doc. 11) are **DENIED IN PART**, in that Counts 6 and 7 shall not be re-consolidated into Case No. 18-cv-1019-DRH-DGW.

The Motions (Docs. 9 and 11) requested in the alternative to dismiss this action, in the event that consolidation was denied. Of course, the action was already dismissed for failure to prosecute, before Plaintiff filed his motions. In light of the mail delay that occurred in connection with Plaintiff's transfer, however, and because a plaintiff has the right to voluntarily dismiss his case, *see* Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Motions (Docs. 9 and 11) are **GRANTED in part** as to the nature of the dismissal.

**IT IS THEREFORE ORDERED** that this action shall remain dismissed, but the dismissal shall be **WITHOUT PREJUDICE**, in consideration of Plaintiff's request for a voluntary dismissal. An amended judgment shall be entered to reflect this change.

### Motion for Leave to Proceed *in Forma Pauperis* (Doc. 12)

As Plaintiff was advised in the Notice of Impending Dismissal entered on August 21, 2018 (Doc. 5), he incurred the obligation to pay the filing fee for this action when the case was properly severed from the original action. Plaintiff also was given this information in the letter notifying him of the case opening (Doc. 4). The September 18 Order dismissing this case (Doc. 6) included directions for the Trust Fund Officer at Plaintiff's institution to deduct payments from his prison trust fund account until the filing fee of $400.00 is paid in full.

Plaintiff filed his Motion for Leave to Proceed IFP (Doc. 12) on October 12, 2018, but he did not include his inmate trust fund statement. Without that financial information, the Court cannot determine whether Plaintiff is entitled to be assessed the lower filing fee of $350.00, rather than the $400.00 fee that is charged when leave to proceed IFP is denied.[2] Although the case will remain closed, Plaintiff shall be allowed another opportunity to submit his inmate trust fund account statements to enable the Court to consider his IFP motion at Doc. 12.

**IT IS THEREFORE ORDERED** that Plaintiff **SHALL SUBMIT** his inmate trust fund account statements for the period from January 1, 2018—July 13, 2018, on or before **November 7, 2018**. If the trust fund statements are not received by this date, the IFP motion shall be denied, and the previously-entered Order (Doc. 6) for payment of the full $400.00 filing fee shall stand.

The Court **RESERVES RULING** on the IFP Motion at Doc. 12 until after the receipt of Plaintiff's trust account information.

---

[2] *See* Judicial Conference Schedule of Fees—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

**Disposition**

The Clerk is **DIRECTED** to enter an amended judgment in this case, to reflect that the dismissal is without prejudice.

Plaintiff's filing of his Rule 59(e) Motions challenging the judgment (Docs. 9 and 11) suspended the 30-day deadline for filing a notice of appeal following the dismissal of the case. FED. R. APP. P. 4(a)(4). Now that the motions have been resolved, if Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this court within thirty days of the entry of *this* order. FED. R. APP. P. 4(a)(1)(A) and (a)(4)(A)(iv); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  October 17, 2018**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL
United States District Judge**